IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LARRY DOSS and
SHERON B. DOSS

    Plaintiffs,

v.     No. 3:10-cv-01050
     JUDGE HAYNES

BAC HOME LOANS SERVICING, LP
and BANK OF AMERICA, N.A.,

    Defendants.

## ORDER

Plaintiffs, Larry and Sheron B. Doss, Tennessee citizens, filed this pro se action against Defendants, BAC Home Loans Servicing LP and Bank of America, N.A., North Carolina corporations. Plaintiffs assert claims under the Real Estate Settlement Procedures Act, §12 U.S.C. § 2605, the Fair Debt Collection Practices Act, § 15 U.S.C. § 1692, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. and the Equal Credit Opportunity Act, 15 U.S.C. § 1691. Plaintiffs also assert state law claims for fraud, misrepresentation, negligence, negligent misrepresentation and breach of contract.

Before the Court are Defendants' motions to dismiss Plaintiffs' original complaint and first amended complaint, (Docket Entry Nos. 5 and 9), contending in sum: that Plaintiffs failed to serve Defendants properly; that Plaintiff's fail to state claims against Defendant Bank of America; and that Plaintiffs' remaining claims against Defendant BAC are either time-barred or improperly pled.

1

The Court first addresses Defendants' contention of improper service of process. Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991). Defendants correctly contend that Plaintiffs' service on Defendants' legal department was improper and service should have been made upon Defendants' registered agent in Tennessee who is authorized to receive process. Fed. R. Civ. P. 4(h)(1)(B). Plaintiffs were aware of Defendants' registered agent for service in Tennessee, but served Defendants' general counsel in North Carolina. (Docket Entry No. 1, Complaint at ¶¶ 8, 9). Defendants' general counsel is not a registered agent for service. (Docket Entry No. 12, Memorandum in Support of Motion to Dismiss Amended Complaint at 3).

If proper service of process has not been made within the 120-day time limit, Fed. R. Civ. P. 4(m) sets forth a two-step inquiry:

> The Court must next determine whether the plaintiffs have established good cause for failing to timely effect service of process. If good cause is shown, the Court shall extend the time for service of process for an appropriate period. If good cause does not exist, the Court in the exercise of its sound discretion may either dismiss the plaintiffs' complaint without prejudice or, in the alternative, direct that service be made within a specified time.

Taylor v. Stanley Works, No. 4:01-CV-120, 2002 WL 32058966, at *6 (E.D. Tenn. 2002).

A simple mistake or ignorance of the rules of procedure is insufficient to establish good cause for a failure to serve process. Moncrief v. Stone, 961 F.2d 595, 597 (6th Cir. 1992). Plaintiffs contend that they were unable to determine the appropriate party to be served and therefore sent a copy of the complaint and summons to Defendants' general counsel in the interests of expediency. (Docket Entry No. 10, Response to Defendants' Motion to Dismiss at 3). This argument is unconvincing given the complaint's specific acknowledgement of Defendants' agent for service of process in Tennessee.[1]

---

[1] The Plaintiffs have filed an amended complaint that omits any references to Defendants' registered agent for service of process in Tennessee. While the amended complaint controls, the original complaint shows Plaintiffs' awareness of the appropriate agent for service.

2

Whether to permit late service rests in the Court's discretion. Taylor, 2002 WL 32058966, at *6 (citations omitted). In Taylor, the Court articulated a five factor test to determine whether to exercise its discretion to allow late service:

> The Court has considered and balanced the following factors: (1) whether a significant extension of time is required; (2) whether an extension of time would cause actual prejudice to the defendant other than the inherent "prejudice" in having to defend the lawsuit; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice under Rule 4(m) would substantially prejudice the plaintiffs, *i.e.,* cause the plaintiffs' suit to be time-barred by the statute of limitations; and (5) whether the plaintiffs have made diligent, good faith efforts to effect proper service of process.

2002 WL 32058966, at *7 (citations omitted).

The majority of the factors favors giving Plaintiffs additional time. Plaintiffs made a good faith, albeit improper, attempt to effect service of process. An extension would not cause undue prejudice to the Defendants, particularly given the Defendants' actual notice of the action in November 2010. Although Defendants' motions present significant issues, proper service is required before addressing those issues. The Court must first decide the service of process issue, Johnson v. Hayden, 67 Fed. Appx. 319, 322 (6th Cir. 2003), as without proper service of process, the Court lacks jurisdiction. Empire Services Inc. v. Kanza, 996 F. 2d 1214 (Table, Text at 1993 WL 241450, at *3 (6th Cir. 1991)).

Thus, Plaintiffs are granted an extension of time to effect service of process upon Defendants pursuant to Fed. R. Civ. Pro. 4 within forty five (45) days from the date of this Order. Plaintiff's failure to obtain proper service upon Defendants within the Court's extension of time will result in dismissal of the action. See Frame v. Superior Fireplace, 74 Fed. Appx. 601, 601-603 (6th Cir. 2003) (affirming dismissal of pro se plaintiff's complaint after the plaintiff failed to heed a warning to serve the defendant following an extension of time to properly do so).

For these reasons, Defendants' motions to dismiss Plaintiffs' complaint and amended complaint, (Docket Entry Nos. 5 and 11), are **GRANTED in part** and **DENIED,** but without prejudice to Defendants' substantive contentions.

It is so **ORDERED**.

**ENTERED** this the 27+ day of April, 2011.

WILLIAM J. HAYNES, Jr.
United States District Judge